UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
NELSON REY,

                Petitioner,                MEMORANDUM AND ORDER
                                                                 05 CV 3249 (ILG)

   -against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------x
GLASSER, United States District Judge:

The petitioner, *pro se*, has moved this Court on June 27, 2005, for an order pursuant to 28 U.S.C. § 2255 that would vacate his judgment of conviction and resentence him in the light of United States v. Booker, 125 S. Ct. 738 (2005). For the reasons that follow, his petition is dismissed.

## Background

The petitioner was arrested on October 19 1998, and pleaded guilty on November 3, 1999, to a superseding Information charging him with possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II), and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) under docket number 99 Cr 0090 (ILG). He was subsequently sentenced on both Counts on October 13, 2000, to a term of imprisonment of 151 months to run concurrently with each other and with a 30 month sentence imposed by the district court in New Jersey for violation of supervised release. The mandatory minimum of 120 months required by § 841 was increased by enhancements in accordance with the then applicable guidelines. Judgment was entered on October 25, 2000, and the petitioner did not appeal.

Discussion

It is by now superfluous to state that Booker and the plethora of cases that have been spawned by it decided that mandatory enhancements imposed pursuant to the Sentencing Guidelines based on facts not found by a jury beyond a reasonable doubt were violative of the Sixth Amendment and thus unconstitutional.  The result of that decision was that the Guidelines were no longer mandatory, but continue to be advisory.  See United States v. Crosby, 397 F.3d 103 (2d Cir. 2005.)  The petitioner contends that Booker also requires a determination that it was error to impose a sentence beyond the 80 months which he has already served.

    A.    The Limitations Bar

Section 2255 provides in relevant part that:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of -
>
> (1) the date on which the judgement of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

His judgment of conviction, entered on October 25, 2000, became final ten days thereafter, the time within which to file a notice of appeal and § 2255, by its terms, barred petitions filed after that date. More than five years have since elapsed as has the viability of this petition.

If, however, Booker announced a right newly recognized by the Supreme Court on January 12, 2005, and made retroactively applicable to cases on collateral review as per (3) above, then this petition, filed approximately six months thereafter, would be timely. In Guzman v. United States, 404 F.3d 139 (2d Cir. 2005), however, the court decided that Booker "is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005." 404 F.3d at 144.

The petitioner will fare no better on an assertion that there was cause for not raising this issue previously on appeal because Booker was not yet decided, and that he would be prejudiced by being precluded from raising it now. It should perhaps have been noted that the petitioner pleaded guilty pursuant to a plea agreement by the terms of which he waived his right to appeal if his sentence did not exceed 188 months. That waiver was and is valid as against a Booker claim notwithstanding that Booker had not been decided as of the date of the agreement. United States v. Morgan, 406 F.3d 135 (2005), *cert. denied*, 126 S. Ct. 549 (2005); United States v. Roque, 421 F.3d 118 (2d Cir. 2005).

For the foregoing reasons, the petition is dismissed.

SO ORDERED.

Dated: Brooklyn, New York
November 28, 2005

S/ _____
I. Leo Glasser